

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| MICHAEL LEE MALONE, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 1:15-4878-MGL-SVH | |
| § | | |
| CAROLYN W. COLVIN, § | | |
| Acting Commissioner of Social Security § | | |
| Administration, § | | |
| § | | |
| Defendant. § | | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND REVERSING AND REMANDING FOR FURTHER PROCEEDINGS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claim for Disability Insurance Benefits (DIB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court this matter be reversed and remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de

novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 4, 2016.  Plaintiff filed his objections on October 20, 2016, and Defendant filed a Reply on October 21, 2016, stating that she would decline filing objections.  The Court has carefully reviewed Plaintiff's objections and holds them meritless.  Therefore, it will enter judgment accordingly.

Plaintiff filed an application for DIB on August 28, 2009, asserting his disability commenced on February 16, 2009.  Plaintiff's application was denied initially and upon reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on June 16, 2011.  On November 10, 2011, the ALJ issued a decision holding Plaintiff was not disabled under the Act.   The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision.  Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review.  Thereafter, Plaintiff filed an action in this Court on May 1, 2012, seeking judicial review of Defendant's decision denying his claim.  The Court issued an order on June 14, 2013, reversing the ALJ's decision and remanding for further proceedings.  On August 30, 2013, the Appeals Council issued an order remanding Plaintiff's case to an ALJ.

While Plaintiff's case was pending before the ALJ, Plaintiff filed a second application for DIB on April 30, 2013.  On September 23, 2013, the Social Security Administration (SSA) issued a decision finding Plaintiff became disabled on February 1, 2013.  The ALJ conducted hearings in Plaintiff's case on May 15, 2014, and September 9, 2014, to determine whether

Plaintiff was disabled from February 16, 2009, to January 31, 2013. On February 13, 2015, the ALJ issued a decision holding Plaintiff was not disabled under the Act during the relevant period. The Appeals Council denied Plaintiff's request for review of the ALJ's February 13, 2015, decision. The ALJ's decision therefore became final for purposes of judicial review. Plaintiff subsequently filed this action on December 9, 2015, seeking judicial review of the Defendant's final decision denying his claim for benefits for the period from February 16, 2009, to January 31, 2013.

The SSA has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report.

The Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors in the Report.

It is Plaintiff's duty both to produce evidence and to prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff raises only one specific objection to the Magistrate Judge's Report. Plaintiff asserts the Magistrate Judge erred in recommending his claim be remanded for further administrative proceedings rather than directing Defendant to award benefits. Objections 1. Specifically, Plaintiff argues the claim should be awarded rather than remanded because the

record is complete, and the evidence Plaintiff was disabled during the relevant period is "overwhelming." *Id.* at 2. The Court is unpersuaded.

When an ALJ's decision on a Social Security disability claim is unsupported by substantial evidence, the district court has the power to reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The decision whether to remand a case for rehearing upon reversal rests within the discretion of the district court. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). The reversal of a case without remand for a rehearing is appropriate "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinburger*, 493 F.2d 1002, 1012 (4th Cir. 1974) (citations omitted). It is, however, an abuse of discretion to reverse a case without remand for further proceedings when doing so would require the district court to weigh conflicting evidence, make determinations of credibility, or substitute its judgment for the ALJ's. *Radford*, 734 F.3d at 296 (holding that a district court abused its discretion in remanding for an award of benefits rather than remanding for further proceedings when the record contained conflicting evidence regarding whether the plaintiff was disabled).

Plaintiff alleges that February 16, 2009, is the onset date of his disability, and he is seeking benefits as of that date. Plaintiff correctly notes in his objections to the Report that two of Plaintiff's treating physicians, Dr. Eric Loudermilk and Dr. Geera Desai, and a clinical psychologist, Dr. David Tollison, expressed opinions Plaintiff was disabled as of the alleged onset date. As explained by the Magistrate Judge, however, there is conflicting evidence regarding the alleged onset date of Plaintiff's disability. For example, Dr. Loudermilk noted in

progress reports dated January, February, and March 2010 that Plaintiff had completed a work hardening program and should work toward returning to a status of gainful employment. Tr. at 274-76. Treating physician Dr. Hibbitts released Plaintiff for work on May 4, 2009, *id.* at 210, and Plaintiff testified during his September 9, 2014, hearing that he performed work from the summer of 2009 until September 2009, *id.* at 467-68. Furthermore, Dr. Desai did not begin treating Plaintiff until October 2010, over eighteen months after Plaintiff's alleged onset date, which potentially affects the credibility of Dr. Desai's opinion.

As a preliminary matter, concerning Plaintiff's physicians' opinions he was disabled as of February 16, 2009, the ALJ is to look to the doctors' medical conclusions, not their conclusory statements, as to whether Plaintiff is disabled. *See* 20 C.F.R. §§ 404.1527(e), 416.927(e) ("Opinions on some issues . . . are not medical opinions, . . . but are, instead, opinions on issues reserved to [Defendant] because they are administrative findings that are dispositive of a case."). Therefore, to the extent Plaintiff relies on his doctors' opinions to buttress his argument regarding when his disability commenced, such reliance is misplaced.

Because there is conflicting evidence as to the onset date of Plaintiff's disability, this matter should be reversed and remanded for further proceedings to determine Plaintiff's onset date. As noted above, it is the responsibility of the ALJ, not this Court, to resolve conflicts in the evidence. *Hays*, 907 F.2d at 1456. Granting an award of benefits would require the Court to impermissibly weigh conflicting evidence, to make credibility determinations, and to substitute its judgment for that of the ALJ's. Accordingly, the Court overrules Plaintiff's objection to the Report.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that this matter is **REVERSED AND REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Signed this 10th day of November 2016 in Columbia, South Carolina.

s/Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE